Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7057 | **DATE** | 4/25/2001 |
| **CASE TITLE** | Jorge Acevedo-Carmona vs. Andrew D. Walter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Since there is no reason for us to believe that the state court's decision regarding Acevedo's claims was contrary to, or involved an unreasonable application of clearly established federal law, we agree with the decision of the state court. Accordingly, we deny Acevedo's petition for habeas corpus. The status hearing set for 4/27/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | APR 26 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/25/2001 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JORGE ACEVEDO-CARMONA, )
 )
Petitioner, )
 )
v. ) No. 00 C 7057
 )
ANDREW D. WALTER, )
 )
Respondent. )



## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

On September 15, 1995, Petitioner Jorge Acevedo-Carmona entered into a plea agreement in the Circuit Court of Lake County, in which he plead guilty to delivery of more than 400 but less than 900 grams of a substance containing heroin. He was sentenced to 20 years in prison. Acevedo now petitions us for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he received ineffective assistance of plea counsel. As explained below, we deny the petition.

### BACKGROUND

Acevedo is currently in the custody of Andrew D. Walter, warden of the Graham Correctional Center, Hillsboro, Illinois. Pursuant to a plea agreement, Acevedo plead guilty to delivery of between 400 and 900 grams of heroin and was sentenced to 20 years in prison on September 15, 1995. Acevedo never filed a motion to withdraw his guilty plea, but he timely filed a direct appeal and raised the issue of excessive sentencing. On January 22, 1997, the Illinois Appellate Court denied the motion to reconsider the sentence, and affirmed the judgment. Acevedo then filed a petition for leave to appeal in the Illinois Supreme Court claiming: (1) that his sentence was excessive; and (2) ineffective assistance of both trial and appellate counsel. On June 4, 1997, the Illinois Supreme Court denied Acevedo's petition for leave to appeal.

On October 31, 1996, Acevedo filed a petition for state post-conviction relief alleging that: (1) trial counsel was ineffective for failing to give accurate advice about the deportation consequences of a guilty plea; (2) trial counsel was ineffective for failing to give accurate advice about earned good conduct credit; (3) trial counsel was ineffective for failing to give accurate advice about the affirmative defense of entrapment; (4) his sentence was disproportionate to the nature of the circumstances of the offense and did not reflect his rehabilitative potential; and (5) trial counsel was ineffective during sentencing for failing to present mitigating evidence of entrapment at the sentencing hearing. Acevedo's petition for post-conviction relief was denied on December 18, 1997. He appealed the dismissal of his petition for post-conviction relief to the Illinois Appellate Court, raising the additional issue that his plea was involuntary. This appeal was denied on June 23, 1999. Acevedo then filed a petition for rehearing on July 14, 1999, but that petition was also denied, on August 13, 1999. Finally, Acevedo filed a petition for leave to appeal in the Illinois Supreme Court on September 17, 1999, which was denied on December 1, 1999. He filed the present petition for writ of habeas corpus with us on November 7, 2000.

## ANALYSIS

Before we may review the merits of his habeas petition, Acevedo must both: "(1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default." *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir.1996). These requirements ensure that Illinois will have the first chance to review and correct any alleged violations of its prisoners' federal constitutional rights. *See McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir.1997). Acevedo will be deemed to have "exhausted" his state court remedies if he has given the highest court in the state "a fair opportunity to consider the constitutional issue" presented. *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir.1985). Both parties agree that Acevedo has presented all of his federal claims in state court and that he has no avenues

2

remaining to present his claims in state court, so we conclude that he has exhausted his state remedies and that he has not procedurally defaulted.

Under section 2254(d)(1), any merits consideration of a petitioner's claims by a district court must be limited to determining whether the adjudication of those claims "on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by" the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Lindh v. Murphy*, 96 F.3d 856, 868-69 (7th Cir.1996). We may otherwise grant habeas corpus relief under section 2254(d)(2) only where the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

The Sixth Amendment, as applied to the states through the Fourteenth Amendment, guarantees criminal defendants the right to effective assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2063 (1984). To establish that he was deprived of the effective assistance of counsel, the petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694. Although *Strickland* involved a claim of ineffective assistance during a capital sentencing proceeding, this same analysis is also proper in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 370 (1985). In the context of a guilty plea, the prejudice prong can be restated as a reasonable probability that, but for counsel's errors, the petitioner would have gone to trial instead of pleading guilty. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370; *Evans v. Meyer*, 742 F.2d 371, 374-75 (7th Cir.1984).

Acevedo's first claim is that his trial counsel was ineffective for advising him that he had no chance for an acquittal by presenting the affirmative defense of entrapment. Acevedo argues that but for plea counsel's erroneous advice regarding deportation (discussed below), he would not

3

have pled guilty and would have insisted on going to trial with the affirmative defense of entrapment. Not every failure to inform a defendant of a defense theoretically available to him constitutes ineffective assistance of counsel. *Evans*, 742 F.2d at 375. Where the alleged error in a claim of ineffective assistance of counsel during the plea process is the "failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59. Acevedo claims that counsel erroneously advised him that there was no evidence of entrapment and that he had no chance for acquittal at trial. The Illinois Appellate Court concluded that there was no evidence of entrapment, and that it was not likely that the defense would have succeeded at trial. We agree.

A valid entrapment defense requires the proof of two related elements: (1) government inducement of the crime, and (2) a lack of predisposition on the part of the defendant to engage in criminal conduct. *United States v. King*, 75 F.3d 1217, 1223 (7th Cir.1996). Before a defendant can raise the defense, he must offer sufficient evidence of both the government's inducement and his own lack of predisposition. *King*, 75 F.3d at 1224. The entrapment analysis ends without inquiry into government inducement if the defendant was predisposed to commit the charged conduct. *United States v. Blackman*, 950 F.2d 420, 422-23 (7th Cir.1991). A predisposed individual is one who is prepared and eager for the opportunity to commit a crime. *United States v. Evans*, 924 F.2d 714, 717 (7th Cir.1991). A court uses five factors to determine predisposition: (1) the character or reputation of the defendant; (2) whether the suggestion of criminal activity was made by the government; (3) whether the defendant was engaged in criminal activity for profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome by government persuasion; and (5) the nature of the inducement or persuasion offered by the government. *Blackman*, 950 F.2d at 423. Entrapment is successful as a defense only if the government "implant[s] in the mind of an innocent person the disposition to commit the alleged

4

offense and induce its commission." *Hampton v. United States*, 425 U.S. 484, 490, 96 S.Ct. 1646, 1650, 48 L.Ed.2d 113 (1976) (quoting *Sorrells v. United States*, 287 U.S. 435, 442, 53 S.Ct. 210, 212-13).

Here, the record indicates the prospects of an entrapment defense were limited. While the government did make solicitations to Acevedo, there is no evidence of coercion. Further, once Acevedo found likely buyers, he pursued the matter with skill and great knowledge. Given his profit motive, and the total absence of any hesitation or reluctance, a successful entrapment defense was unlikely. As the Seventh Circuit stated in *Evans v. Meyer*, "it is inconceivable to us ... that the defendant would have gone to trial on a defense of [entrapment], or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received." *Evans*, 742 F.2d at 375. Counsel's failure to pursue a weak entrapment defense is not ineffective assistance. *Cf. United States v. Caban*, 962 F.2d 646 (7th Cir.1992).

Acevedo contends that counsel was ineffective because he gave him allegedly erroneous advice regarding deportation and earned good conduct credits. He contends that in response to a specific inquiry, his counsel made unequivocal, erroneous, and misleading representations to him on the consequences of deportation and his ability to receive earned good conduct credits. Acevedo contends that had his attorney properly advised him of the deportation consequences after pleading guilty, he would not have plead guilty and instead would have gone to trial with the affirmative defense of entrapment. Consequently, Acevedo urges this Court to find that his guilty plea was not intelligently and knowingly made, and therefore, not voluntary.

*Strickland* invited courts to consider the prongs set forth there in any order and stated that if it was easier to dispose of an ineffectiveness claim on the second ground, that course should be followed. *Strickland*, 466 U.S. at 697. Courts have held that, notwithstanding the petitioner's claim that he had been denied effective assistance of counsel in an underlying narcotics

5

prosecution as a result of counsel's failure to advise him of the deportation consequences of guilty plea, since he could not show that there was reasonable probability that but for the error committed by counsel the outcome of the proceeding would have been different, the ineffective assistance claim failed. *See, e.g., United States v. Nino*, 878 F.2d 101, 105 (3d Cir.1989). In that case, the court considered that the record was replete with evidence of the petitioner's guilt, and even if the petitioner had been advised of the deportation consequences of his guilty plea, he would nevertheless have pleaded guilty, or had he not done so, he would have been found guilty after trial. *Nino,* 878 F2d at 105.

In the present case, the Illinois Appellate Court applied the *Strickland* standard to Acevedo's claim of ineffective assistance of counsel based on the deportation consequences of his guilty plea and found that "under the facts of this case, the fact of deportation was a collateral consequence of defendant's guilty plea which did not affect the knowing and voluntary character of that plea." Exhibit K at 15. The court stated that, taking Acevedo's allegations as true, counsel was still not ineffective. The court also stated that even if it were to assume that counsel's performance was objectively unreasonable, Acevedo did not make the necessary showing of prejudice required in order to prevail under *Strickland*.

We do not necessarily agree with the Appellate Court's decision that Acevedo's counsel performed reasonably.[1] However, because we conclude that even if petitioner could make the

---

[1] The Seventh Circuit, in agreement with various other circuits that had addressed the issue of failure of counsel to inform an accused of the likely deportation consequences arising out of a guilty plea, determined that deportation is a collateral consequence of a criminal proceeding. *U.S. v. George*, 869 F.2d 333, 337 (7th Cir.1989). The Seventh Circuit held that the Sixth Amendment does not assure an accused effective assistance of counsel in collateral aspects of the prosecution. *George*, 869 F.2d at 337. In Illinois, however, "it is counsel's responsibility, and not the court's, to advise an accused of a collateral consequence of a plea of guilty; the consequence of deportation has been held to be collateral." *People v. Correa*, 108 Ill.2d 541, 92 Ill.Dec. 496, 485 N.E.2d 307, 310 (1985). The factual situation presented here is somewhat different than that of the above cases. Acevedo alleges that in response to a specific inquiry, his counsel affirmatively misrepresented the consequences of deportation

6

showing that his counsel's failure to advise him of the deportation and earned good conduct credit consequences of his guilty plea was such that his performance fell below an objective standard of reasonableness, as is required by the first *Strickland* prong, he could not show that there is a reasonable probability that but for his counsel's errors the result of the proceeding would have been different, as is required by the second *Strickland* prong. Therefore, we can dispose of the ineffective assistance claims based on Acevedo's failure to show "prejudice." The record here is replete with evidence of Acevedo's guilt. Acevedo sold over one kilogram of highly pure heroin to law enforcement officials on two separate occasions. The street value of this heroin was approximately $600,000 per kilogram because of its purity. According to testimony of the officers involved, Acevedo did the actual price negotiation himself and indicated that he would have no problem securing more heroin on another occasion. Furthermore, there is no proof that Acevedo would not have pled guilty had he been correctly informed that he might be deported. The only evidence he provides is his own self-serving statement indicating that he would not have pled. Nor is there any evidence that the fact that he might be deported or not earn good conduct credits was crucial to his decision of whether or not to plead. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on not getting deported or earning

---

and earned good conduct credits. The Seventh Circuit has not addressed this specific issue. The Eleventh Circuit has declined to hold that an affirmative misrepresentation by an attorney in response to a specific inquiry by the accused which results in a plea of guilty necessarily constitutes ineffective assistance of counsel. *Downs-Morgan v. United States*, 765 F.2d 1534 (11th Cir.1985). However, the Court found that the petitioner was entitled to an evidentiary hearing because his allegation that if he was deported to Nicaragua he would certainly be imprisoned for many years and possibly executed may have been crucial to the informed nature of his plea and because the petitioner made a colorable claim of innocence. *Downs-Morgan*, 765 F.2d at 1541. Therefore, although the Seventh Circuit has held that an attorney cannot be deemed ineffective for failing to discuss the possible collateral consequences of a plea, here it may be possible that Acevedo's counsel fell below the standard of objective reasonableness when he gave Acevedo misinformation after being asked specific questions.

7

good conduct credits in deciding whether or not to plead guilty.[2] There is no evidence that he told counsel that he would not plead guilty if there was a chance he would be deported, or if he would not receive earned good conduct credits.

Finally, in reviewing the evidence, it is clear that Acevedo would not have fared better had he gone to trial -- in fact he would likely have fared worse. After being charged with five counts, including two counts of selling over one kilogram of heroin, and three counts regarding a previous heroin transaction, Acevedo was allowed to plead to one count of distributing more than 400 but less than 900 grams of heroin. This crime carries with it the sentencing range of 12-50 years, and Acevedo was given 20. The greater crimes, of which he most likely would have been convicted at trial, carry much stiffer penalties. Therefore, we agree with the Appellate Court that the uncontested facts show that Acevedo cannot satisfy the requirement of affirmatively proving "prejudice."

A guilty plea is valid only if the defendant entered the plea knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Acevedo also argues that because he did not know of the deportation consequences, his plea was involuntary. According to the Seventh Circuit, actual knowledge of the consequences which are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea. *George*, 869 F.2d at 337. When a defendant asserts that his guilty plea is not voluntary and intelligent because of counsel's erroneous advice, "he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)); *see also United States v. Teller*, 762

---

[2] For example, in *Downs-Morgan*, the petitioner alleged that if he were deported, he would certainly be imprisoned or possibly executed. *Downs-Morgan*, 765 F.2d at 1541. Acevedo makes no such claim here.

8

F.2d 569, 575 (7th Cir.1985). He must also show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." *Strickland*, 466 U.S. at 694.

In evaluating the circumstances surrounding Acevedo's plea and it's voluntariness, it is sufficiently clear that Acevedo had no prospect for acquittal that would enable us to infer that accurate information regarding deportation and earned good conduct credits would have led him to change his plea to not guilty.[3] Secondly, there was a large amount of evidence against him -- he admitted selling the drugs, admitted he was wrong and expressed remorse. In addition, as indicated above, Acevedo had to know he was being given the opportunity for a much lighter sentence than he would have been subject to had he been convicted of the larger crime for which he was originally charged. When asked by the trial court if he wished to proceed with his plea he replied, "I'm guilty." Furthermore, Acevedo provides us with no evidence that he did not understand that he was pleading guilty, or that he would not have pled guilty, other than his own self-serving statement. Finally, as discussed above, there is a very small chance that Acevedo would have been acquitted based on an entrapment defense, had he gone to trial.

## CONCLUSION

Since there is no reason for us to believe that the state court's decision regarding Acevedo's claims was contrary to, or involved an unreasonable application of clearly established federal law, we agree with the decision of the state court. Accordingly, we deny Acevedo's petition for habeas corpus. It is so ordered.

Marvin E. Aspen, District Court Judge

Dated: 4/25/01

---

[3] We note again that deportation is considered a collateral consequence of a guilty plea.